# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CLLIFF ALLENBY, et al.,<br><br>　　　　Defendants. | 1:18-cv-00554-EPG (PC)<br><br>ORDER STRIKING COMPLAINT FOR LACK OF SIGNATURE AND REQUIRING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT BEARING HIS SIGNATURE<br><br>(ECF NO. 1, 7)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff, Richard Scott Kindred, is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 25, 2018. (ECF No. 1.) On September 7, 2018, he filed a motion to file an addendum to the Complaint. (ECF No. 7.)

The Complaint is not signed by Plaintiff. (*See* ECF No. 1.) All filings submitted to the court must bear the signature of the filing party. *See* Fed. R. Civ. P. 11(a); Local Rule 131. Accordingly, the Court will strike the Complaint for lack of signature, and allow Plaintiff to file a First Amended Complaint bearing his signature.

The Court will also grant Plaintiff's motion to file an addendum to the Complaint pursuant to Federal Rule of Civil Procedure 15(d), which provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense.

Fed. R. Civ. P. 15(d); *see also* Local Rule 220.

While the Court is not screening the Complaint at this time, the Court notes that the amended complaint should be brief, and contain a short, concise statement of the allegations. *See* Fed. R. Civ. P. 8(a). The complaint must also state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). The complaint must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, there is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendants that resulted in the violation(s) of Plaintiff's rights. Plaintiff should also describe any harm he suffered as a result of the violation(s).

The Court also notes that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and that the amended complaint must be complete in itself without reference to the prior or superseded pleading and must include all supplemental claims and allegations, *see* Local Rule 220.[1] Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be

---

[1] Local Rule 220, which applies to "changed pleadings," provides:
    As used in this Rule, the term "changed pleadings" shall refer to amended and supplemental pleadings permitted and filed pursuant to Fed. R. Civ. P. 15.
    Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading. Permission may be obtained from the Court, if desired, for the removal of any exhibit or exhibits attached to a superseded pleading, in order that the same may be attached to the changed pleading.

Local Rule 220.

clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Complaint, which was filed on April 25, 2018 (ECF No. 1), is STRICKEN from the record for lack of signature;
2. The Clerk of the Court is respectfully directed to send Plaintiff a form § 1983 Civil Rights Complaint;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff is required to file a First Amended Complaint bearing Plaintiff's original signature;
4. Plaintiff's motion to file an addendum (ECF No. 7) is GRANTED. Plaintiff may include his supplemental claims in his First Amended Complaint; and
5. <u>Plaintiff's failure to comply with this order may result in the dismissal of this action</u>.

IT IS SO ORDERED.

Dated: **September 18, 2018**        /s/ *Erica P. Grosjean*
                                     UNITED STATES MAGISTRATE JUDGE