# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>               Plaintiff,<br><br>v.<br><br>BRANDON PRICE, et al.,<br><br>               Defendants. | Case No. 1:18-cv-00554-DAD-EPG (PC)<br><br>ORDER DENYING REQUEST FOR ORDER TO PRESERVE EVIDENCE AND FOR EARLY DISCOVERY<br><br>(ECF NO. 14) |

Plaintiff, Richard Scott Kindred, a civil detainee at the Coalinga State Hospital, is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's request, titled "writ of mandate," which the Court construes as a request for preservation of evidence and for early discovery. The Court denies the requests.

At this point in the proceedings, the defendants have not been served and made their appearance in the action. Thus, the Court currently lacks jurisdiction over any of the named defendants and it cannot issue any orders prohibiting them from taking certain actions or requiring them to provide early discovery. *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985).

As to Plaintiff's concern that the defendants are destroying evidence, "[f]ederal law imposes a duty to preserve evidence before litigation begins and even before a discovery

- 1 -

request. This duty requires a litigant to preserve what it knows, or reasonably should know, will be relevant evidence in a pending action or one in the offing." *Biselli v. Cnty. of Ventura*, 2012 WL 2061688, at *2 (C.D. Cal. Jun. 4, 2012) (citing *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006)); *see also Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) ("A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were potentially relevant to the litigation before they were destroyed.'" (citation omitted)). Once the duty to preserve attaches, a litigant or potential litigant "is required to suspend any existing policies related to deleting or destroying [evidence] and preserve all relevant [evidence] related to the litigation" and courts may sanction parties responsible for spoliation of evidence. *In re Napster, Inc.*, 462 F. Supp. 2d at 1066, 1070. Plaintiff may trigger the duty to preserve evidence by providing a notice of litigation to Coalinga State Hospital's Litigation Coordinator.

Finally, Plaintiff has not made an adequate showing that early discovery is necessary in this action. A court may permit early discovery if the requesting party demonstrates good cause. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Here, Plaintiff has not shown good cause for why early discovery is necessary and, moreover, as noted previously, the defendants have not yet been served or made their appearance in this action. Plaintiff's request for early discovery will therefore be denied.

IT IS ORDERED that Plaintiff's request for an order requiring the defendants to preserve evidence and ordering early discovery (ECF No. 14) is DENIED.

IT IS SO ORDERED.

Dated:   **July 3, 2019**                      /s/ *Erica P. Grosjean*
                                                    UNITED STATES MAGISTRATE JUDGE

- 2 -