# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON PRICE, et al.,<br><br>Defendants. | Case No. 1:18-cv-00554-DAD-EPG (PC)<br><br>ORDER DENYING MOTION FOR ORDER OF PROTECTION<br><br>(ECF NO. 21) |

Plaintiff, Richard Scott Kindred, a civil detainee at the Coalinga State Hospital, is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for an order of protection (ECF No. 21). The Court denies the motion.

The Court previously denied Plaintiff's request for an order to preserve evidence and for early discovery. (ECF Nos. 14, 20.) As the Court explained in its previous order, at this point in the proceedings, the defendants have not been served and made their appearance in the action. Thus, the Court currently lacks jurisdiction over any of the named defendants and it cannot issue any orders prohibiting them from taking certain actions. *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985).

- 1 -

Further, as to Plaintiff's concern that the defendants or others that work at the Hospital are destroying evidence, "[f]ederal law imposes a duty to preserve evidence before litigation begins and even before a discovery request. This duty requires a litigant to preserve what it knows, or reasonably should know, will be relevant evidence in a pending action or one in the offing." *Biselli v. Cnty. of Ventura*, 2012 WL 2061688, at *2 (C.D. Cal. Jun. 4, 2012) (citing *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006)); *see also Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) ("A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were potentially relevant to the litigation before they were destroyed.'" (citation omitted)). The duty to preserve evidence also extends to interested third parties and their agents who control or have access to the evidence and are providing or will be providing the defendant's legal defense. *See Pettit v. Smith*, 45 F. Supp. 3d 1099, 1106 (D. Ariz. 2014) (department of corrections, which provides defense for its employees for civil cases arising out of the scope of their employment, and indemnifies those employees who are found liable, has a duty to preserve evidence relevant to a case once it knows litigation is reasonably likely); *Ramos v. Swatzell*, 2017 WL 2857523, at *6 (C.D. Cal. 2017), *report and recommendation adopted*, 2017 WL 2841695 (C.D. Cal. 2017) (nonparty has a duty to preserve relevant evidence where it is an interested third party, has access to and control over the evidence, and is providing the defendant's legal defense); *Vohra v. City of Placentia*, 2017 WL 10544048, at *2 (C.D. Cal. 2017) (nonparty has a duty to preserve relevant evidence where it has control of the evidence, is on notice that the evidence is relevant, is providing the defendant's legal defense, and is likely to indemnify the defendant if plaintiff prevails and is awarded damages against the defendant). Once the duty to preserve attaches, the party or nonparty to whom the duty to preserve applies "is required to suspend any existing policies related to deleting or destroying [evidence] and preserve all relevant [evidence] related to the litigation" and courts may sanction parties responsible for spoliation of evidence. *In re Napster, Inc.*, 462 F. Supp. 2d at 1066, 1070.

Finally, as to Plaintiff's concern that relevant evidence is being seized from his living quarters, the Court notes that the duty to preserve evidence does not impose a duty not to seize

the evidence, so long as the seized evidence is preserved and not destroyed.[1]

IT IS ORDERED that Plaintiff's motion for an order of protection (ECF No. 21) is DENIED.

IT IS SO ORDERED.

Dated: **September 18, 2019**   /s/ *Eric P. Gros[...]*
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court expresses no opinion as to whether the seizure of the evidence might violate other rights possessed by Plaintiff.