UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED, <br><br> Plaintiff, <br><br> v. <br><br> BRANDON PRICE, et al., <br><br> Defendants. | Case No. 1:18-cv-00554-DAD-EPG (PC) <br><br> SCHEDULING ORDER AND ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF LOCAL RULE 281(b) <br><br> Motion to Compel Filing Deadline: September 11, 2020 <br><br> Non-expert Discovery Cutoff: October 30, 2020 <br><br> Dispositive Motion Filing Deadline: December 4, 2020 <br><br> Expert Disclosure Deadline: June 11, 2021 <br><br> Rebuttal Expert Disclosure Deadline: July 9, 2021 <br><br> Telephonic Trial Confirmation Hearing: October 25, 2021 <br> Time: 1:30 p.m. <br> Courtroom 5 (DAD) <br><br> Jury Trial: Not set |

This Court conducted a scheduling conference on April 29, 2020. Plaintiff Richard Scott Kindred telephonically appeared on his own behalf. Counsel Matthew Robert Day telephonically appeared on behalf of Defendants. Pursuant to Federal Rule of Civil Procedure 16(b), this Court now sets a schedule for this action.

**I.  DISCOVERY PROCEDURES**

The parties are now granted leave to serve discovery in addition to that provided as part of initial disclosures. Pursuant to Federal Rules of Civil Procedure 1, 16, and 26-36, discovery shall proceed as follows:

1. Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135.  Discovery requests and responses shall not be filed

      with the Court unless required by Local Rules 250.2, 250.3, or 250.4 (providing that discovery requests shall not be filed unless or until there is a proceeding in which the document or proof of service is at issue). A party may serve on any other party no more than 15 interrogatories, 15 requests for production of documents, and 10 requests for admission. On motion, these limits may be increased for good cause.

2. Responses to written discovery requests shall be due **forty-five (45) days** after the request is first served. Boilerplate objections are disfavored and may be summarily overruled by the Court. Responses to document requests shall include all documents within a party's possession, custody or control. Fed. R. Civ. P. 34(a)(1). Documents are deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof, or the legal right to obtain the property on demand.

3. If any party or third party withholds a document on the basis of privilege, that party or third party shall provide a privilege log to the requesting party identifying the date, author, recipients, general subject matter, and basis of the privilege within **thirty (30) days** after the date that responses are due. **The privilege log shall simultaneously be filed with the Court. Failure to provide and file a privilege log within this time shall result in a waiver of the privilege.** Additionally, **if a party is claiming a right to withhold witness statements and/or evidence gathered from investigation(s) into the incident(s) at issue in the complaint based on the official information privilege, the withholding party shall submit the withheld witness statements and/or evidence to the Court for *in camera* review, along with an explanation of why the witness statements and/or evidence is privileged**.[1] The witness statements

---

[1] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure . . . ." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (internal citations omitted). The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of

2

and/or evidence shall be Bates stamped, and mailed to Judge Grosjean at 2500 Tulare Street, Sixth Floor, Fresno, CA 93721.  The withholding party shall also file and serve a notice that they have complied with this order.  All other claims of privilege, including claims of the official information privilege over information other than witness statements and/or evidence gathered from investigation(s) into the incident(s) at issue in the complaint, may be challenged via a motion to compel.

4. Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant(s) may depose Plaintiff and any other witness confined in a prison on the condition that, at least fourteen (14) days before such a deposition, Defendant(s) serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1).  Plaintiff's failure to participate in a properly noticed deposition could result in sanctions against Plaintiff, including monetary sanctions and/or dismissal of this case.  Pursuant to Federal Rule of Civil Procedure 30(b)(4), the parties may take any deposition under this section by video conference without a further motion or order of the Court.  Due to security concerns and institutional considerations not applicable to Defendant(s), Plaintiff must seek leave from the Court to depose confined witnesses pursuant to Federal Rule of Civil Procedure 30(a)(2).  Nothing herein forecloses a party from bringing a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) if necessary.

5. With the Court's permission, Plaintiff may serve third party subpoenas if Plaintiff seeks documents from entities that are not presently defendants in this case.  To issue a subpoena on these entities, or any other third parties, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with the Court.  If the Court approves the request, it may issue Plaintiff a subpoena *duces tecum*, commanding the production of

---

interests in ruling on the government's claim of the official information privilege.  *See, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr v. U. S. Dist. Ct. for N. Dist. of Cal.,* 426 U.S. 394, 406 (1976)); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991) ("Government personnel files are considered official information.  To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages.  If the latter is greater, the privilege bars discovery.") (internal citations omitted).

documents from a non-party, and may command service of the subpoena by the United States Marshals Service. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendant(s) through a Rule 34 request for production of documents. In any request for a subpoena, Plaintiff must: (1) identify with specificity the documents sought and from whom; and (2) make a showing in the request that the records are only obtainable through a third party. The documents requested must also fall within the scope of discovery allowed in this action. *See* Fed. R. Civ. P. 26(b)(1).

6. The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules.

7. The parties may file motions to compel further discovery responses on or before **September 11, 2020**. No later than two weeks after the filing of any motion to compel, the responding party may file response(s) to motion(s) to compel. The motion(s) should include a copy of the request(s) and any response to the request(s) at issue. Motions to compel will not be permitted after the September 11, 2020, deadline absent good cause.

8. Plaintiff shall make arrangements with staff at his or her institution of confinement for his or her attendance at any discovery or status conference. Plaintiff's institution of confinement shall make Plaintiff available for the conference(s). To the extent possible, prior to any conference defense counsel shall confirm with Plaintiff's institution of confinement that arrangements have been made for Plaintiff's attendance.

**II.     PAGE LIMITS AND COURTESY COPIES**

The parties are advised that unless prior leave of the Court is obtained before the filing

deadline,[2] *all* moving and opposition briefs or legal memoranda shall not exceed twenty-five (25) pages.  Reply briefs by the moving party shall not exceed ten (10) pages.  These page limits do not include exhibits.

Defendant(s) shall mail or deliver courtesy hard-copies of all motions over 10 pages in length to the court at 2500 Tulare St., Room 1501, Fresno, CA  93721.  Courtesy hard-copies shall reflect the CM/ECF document numbers and pagination.

### III.   NON-EXPERT DISCOVERY DEADLINE

The deadline for the completion of all non-expert discovery is **October 30, 2020**.  All non-expert discovery must be provided by this date, including discovery compelled following the discovery and status conference.

### IV.   EXPERT DISCOVERY DEADLINES

The deadline for all parties to serve their expert disclosures is **June 11, 2021**.  Parties have until **July 9, 2021** to serve their rebuttal expert disclosures.

### V.   DISPOSITIVE MOTIONS DEADLINE

The deadline for filing dispositive motions is **December 4, 2020**.

If Defendant(s) file a motion for summary judgment, Defendant(s) shall simultaneously provide Plaintiff with the notice and warning required by *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

### VI.   MAGISTRATE JUDGE JURISDICTION

The parties have not consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

### VII.   TELEPHONIC TRIAL CONFIRMATION HEARING

A Telephonic Trial Confirmation Hearing is set for **October 25, 2021, at 1:30 p.m.**, in Courtroom 5, before District Judge Dale A. Drozd.  To participate telephonically, the parties must dial into the conference at 877-402-9757, using access code 6966236, at the time of the hearing.  Counsel for Defendant(s) is required to arrange for the participation of Plaintiff in the Telephonic Trial Confirmation Hearing.  Because the Court may be hearing other matters using the same

---

[2] Parties may seek leave by filing a short motion.

1  conference line, please wait to state your appearance until your case has been called and
2  appearances are requested.  Keep all background noise to a minimum.
3      In addition to the matters already required to be addressed in the pretrial statement in
4  accordance with Local Rule 281, Plaintiff will be required to make a particularized showing in
5  order to obtain the attendance of witnesses.  The procedures and requirements for making such a
6  showing are outlined in detail below.  Plaintiff is advised that failure to comply with the
7  procedures set forth below may result in the preclusion of any or all witnesses named in
8  Plaintiff's pretrial statement.
9      At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of
10 the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of
11 trial evidence: (1) exhibits and (2) the testimony of witnesses.  It is Plaintiff's responsibility to
12 produce all of the evidence to prove Plaintiff's case, whether that evidence is in the form of
13 exhibits or witness testimony.  If Plaintiff wants to call witnesses to testify, Plaintiff must follow
14 certain procedures to ensure that the witnesses will be at the trial and available to testify.
15     1.   Procedures for Obtaining Attendance of Confined Witnesses Who Agree to Testify
16 Voluntarily  -  A confined witness (a witness who is either incarcerated or detained under civil
17 process) who agrees voluntarily to attend trial to give testimony cannot come to court unless this
18 Court orders the warden or other custodian to permit the witness to be transported to court.  This
19 Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing
20 to attend; and (b) the prospective witness has actual knowledge of relevant facts.
21     A party intending to introduce the testimony of  confined witnesses who have agreed to
22 voluntarily attend the trial must serve and file a written motion for a court order requiring that
23 such witnesses be brought to court at the time of trial.  The motion must: (1) state the name,
24 address, and prison identification number of each such witness; and (2) be accompanied by
25 declarations showing that each witness is willing to testify and that each witness has actual
26 knowledge of relevant facts.  The motion should be entitled "Motion for Attendance of Confined
27 Witnesses."
28     The willingness of the prospective witness can be shown in one of two ways: (1) the party

1  him or herself can swear by declaration under penalty of perjury that the prospective witness has
2  informed the party that he or she is willing to testify voluntarily without being subpoenaed, in
3  which declaration the party must state when and where the prospective witness informed the party
4  of this willingness; or (2) the party can serve and file a declaration, signed under penalty of
5  perjury by the prospective witness, in which the witness states that he or she is willing to testify
6  without being subpoenaed.

7  The prospective witness's actual knowledge of relevant facts can be shown in one of two
8  ways: (1) if the party has actual firsthand knowledge that the prospective witness was an
9  eyewitness or an ear-witness to the relevant facts (e.g., if an incident occurred in Plaintiff's cell
10 and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may
11 swear to the cellmate's ability to testify), the party can swear by declaration under penalty of
12 perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a
13 declaration signed under penalty of perjury by the prospective witness in which the witness
14 describes the relevant facts to which the prospective witness was an eye or ear witness.  Whether
15 the declaration is made by the party or by the prospective witness, it must be specific about the
16 incident, when and where it occurred, who was present, and how the prospective witness
17 happened to be in a position to see or to hear what occurred at the time it occurred.

18 2. Procedures for Obtaining Attendance of Confined Witnesses Who Refuse to
19 Testify Voluntarily  -  If a party seeks to obtain the attendance of  confined witnesses who refuse
20 to testify voluntarily, the party should serve and file a written motion for a court order requiring
21 that such witnesses be brought to court at the time of trial.  Such motion should be in the form
22 described above.  In addition, the party must indicate in the motion that the  confined witnesses
23 are not willing to testify voluntarily.

24 The Court will review and rule on the motion(s) for attendance of  confined witnesses,
25 specifying which prospective witnesses must be brought to court.  Subsequently, the Court will
26 issue the writs necessary to cause the witnesses' custodian(s) to bring the witnesses to court.

27 Motion(s) for the attendance of  confined witnesses, if any, must be filed at least **sixty**
28 **(60) days prior to the telephonic trial confirmation hearing**. Opposition(s), if any, must be

filed at least **thirty (30) days prior to the telephonic trial confirmation hearing**.

3.  Procedures for Obtaining Attendance of Unconfined Witnesses Who Agree to Testify Voluntarily  -  It is the responsibility of the party who has secured an unconfined witness's voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or obtained from the Court.

4.  Procedures for Obtaining Attendance of Unconfined Witnesses Who Refuse to Testify Voluntarily  -  If a prospective witness is not  confined, and he or she refuses to testify voluntarily, the witness must be served with a subpoena.  Fed. R. Civ. P. 45.  In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. *Id.*  In the case of an unconfined witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses.  28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unconfined witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unconfined witness.  The Court will calculate the travel expense for each unconfined witness and notify Plaintiff of the amount(s).  Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00.  The subpoena will not be served upon the unconfined witness by the United States Marshals Service unless the money order is tendered to the Court.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if Plaintiff was granted leave to proceed *in forma pauperis*.

If Plaintiff wishes to have the Marshals Service serve any unconfined witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court no later than **thirty (30) days prior to the telephonic trial confirmation hearing**.  In order to ensure timely submission of the money orders, Plaintiff must notify the Court of the names and locations of his witnesses, in compliance with the instructions above, no later than **sixty (60) days prior to the telephonic trial confirmation hearing**.

Plaintiff shall file and serve a pretrial statement as described in this order no later than

**sixty (60) days prior to the telephonic trial confirmation hearing**. Defendant(s) shall file and serve a pretrial statement as described in this order no later than **thirty (30) days prior to the telephonic trial confirmation hearing**

The parties are advised that failure to file pretrial statements as required by this order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

**The Clerk of Court is directed to send Plaintiff a copy of Local Rule 281(b)**.

### VIII. TRIAL DATE

A jury trial has not yet been set.

### IX. EFFECT OF THIS ORDER

This order represents the Court and the parties' best estimated schedule to complete this case.  Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

*The dates set in this order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed.*  Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:  **April 30, 2020**                      /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE