**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BRANDON PRICE, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00554-DAD-EPG (PC)<br><br>ORDER GRANTING MOTION TO QUASH SUBPOENA ADDRESSED TO CHIEF DAVID LANDRUM (RET.)<br><br>(ECF NO. 45) |

　　　　Plaintiff, Richard Scott Kindred, a civil detainee at the Coalinga State Hospital, is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Defendant's motion to quash the subpoena addressed to Chief David Landrum (Ret.) (ECF No. 45.) The subpoena commands Chief Landrum, a non-party to this action, to appear at 24511 West Jayne Avenue, Coalinga, CA 93210 on May 26, 2020, at 10:00 a.m. and to bring "Any documents, police reports and/or investigations wherein plaintiff is the subject of conversation." (ECF No. 45-2 at 4.) Plaintiff has not filed an opposition to the motion.

　　　　Because the subpoena was issued in violation of the Court's scheduling order and Federal Rule of Civil Procedure 45(a)(3), the Court will grant the motion to quash.

　　　　The Court's scheduling order, which sets forth the process that Plaintiff must use to request a third-party subpoena, states:

- 1 -

> With the Court's permission, Plaintiff may serve third party subpoenas if Plaintiff seeks documents from entities that are not presently defendants in this case. To issue a subpoena on these entities, or any other third parties, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with the Court. If the Court approves the request, it may issue Plaintiff a subpoena *duces tecum*, commanding the production of documents from a non-party, and may command service of the subpoena by the United States Marshals Service. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d).

(ECF No. 43 at 3.)

Plaintiff neither requested nor obtained permission for the issuance of a third-party subpoena. Thus, the subpoena violates the Court's scheduling order.

Moreover, the subpoena was not issued and signed by the Clerk of Court nor was it issued and signed by an attorney. Instead, the subpoena was apparently issued by Plaintiff and is signed by Plaintiff as "attorney." The subpoena thus violates Federal Rule of Civil Procedure 45, which requires a subpoena to be issued and signed by the clerk of the court or by an attorney authorized to practice before the issuing court. Fed. R. Civ. P. 45(a)(3).

IT IS ORDERED that the motion to quash the subpoena addressed to Chief David Landrum (Ret.) (ECF No. 45) is GRANTED.

IT IS SO ORDERED.

Dated: **June 25, 2020**      /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE