UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>  Plaintiff,<br><br>v.<br><br>BRANDON PRICE, *et al*.,<br><br>  Defendants. | Case No. 1:18-cv-00554-DAD-EPG (PC)<br><br>ORDER DIRECTING RESPONSE TO PLAINTIFF'S AMENDED MOTION FOR AN ORDER OF PROTECTION<br><br>(ECF No. 49)<br><br>RESPONSE TO BE FILED WITHIN THIRTY (30) DAYS |

Plaintiff, Richard Scott Kindred, is a civil detainee at the Coalinga State Hospital, proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's amended motion seeking an order of protection. (ECF No. 49.)

On August 19, 2019, Plaintiff filed his first motion for an order of protection seeking a court order requiring Defendants to preserve evidence. (ECF No. 21.) The Court denied the motion noting that at that point in the proceedings, Defendants had not been served and had not yet made an appearance in the case and that, accordingly, the Court did not have jurisdiction over them. (ECF No. 22.) The Court also explained that federal law imposes a duty to preserve evidence once an individual that is the subject of the litigation/potential litigation knows or reasonably should know that the evidence will be relevant in a pending or anticipated legal action. (*Id.* (citations omitted).) The Court further noted that this duty to preserve evidence

1

extends to interested third parties and their agents who control or have access to the evidence and are providing or will be providing the legal defense. (*Id.* (citations omitted).) Finally, the Court noted that the duty to preserve *does not* impose a duty not to seize evidence, so long as the seized evidence is preserved and not destroyed. (*Id.* at 2-3.) The Court expressly declined to express any opinion as to whether the seizure of evidence might violate other rights possessed by Plaintiff. (*Id.*at 3, n.1.)

Since the Court issued its order denying Plaintiff's motion for an order of protection (ECF No. 22), the relevant defendants have been served and have entered an appearance in the case. (ECF Nos. 30, 36.)

In his amended motion for an order of protection, Plaintiff contends that he provided notice of this pending litigation and duty to preserve evidence to, among others, the litigation coordinator, and that despite this notice, evidence has been destroyed. (ECF No. 49.)

In light of Plaintiff's contentions, the Court directs Defendants to file, within thirty (30) days, a response to Plaintiff's amended motion for an order of protection (ECF No. 49).

IT IS SO ORDERED.

Dated:   **July 28, 2020**                              /s/ Erica P. Grosjean
                                                                        UNITED STATES MAGISTRATE JUDGE