**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON PRICE, et al.,<br><br>Defendants. | Case No. 1:18-cv-00554-DAD-EPG (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>(ECF No. 57) |

Plaintiff Richard Scott Kindred ("Plaintiff"), a civil detainee at the Coalinga State Hospital, is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion to compel discovery. (ECF No. 57.)

### I.     BACKGROUND

Plaintiff filed his motion on October 19, 2020, seeking to compel Defendants Brandon Price, Julia Corona, and Jorge Lopez ("Defendants") to respond to Plaintiff's first set of requests for production and second set of interrogatories. (ECF No. 57.) According to the motion, Plaintiff served Defendants with these discovery requests "nearly two months" before filing the motion and Defendants did not respond. (*Id.* at 1.)

Defendants filed an opposition to the motion on November 4, 2020, explaining that Plaintiff's discovery requests did not contain a proof of service or postmark on the envelope. (ECF. No. 61 at 1-2.) Although the requests were allegedly signed on August 28, 2020, Defendants did not receive them until September 14, 2020. (*Id.* at 2.) Using California Code of Civil Procedure section 1013 "as a guide," Defendants subtracted five calendar days from the date of receipt and presumed the requests were served on September 9, 2020 for purposes of calendaring responses. (*Id.*) Defendants accordingly calculated their response date as October 24, 2020, and served their discovery responses on October 23, 2020, by overnight mail.[1] (*Id.*) Defendants contend that Plaintiff's motion to compel is moot in light of their responses. (*Id.* at 3.) Additionally, Defendants argue that Plaintiff failed to comply with Local Rule 251 and the motion is untimely under the Scheduling Order in this case. (*Id.* at 3-4.)

On November 16, 2020, Plaintiff filed a reply confirming that he received Defendants' responses on October 25, 2020. (ECF No. 63 at 2.) Plaintiff's reply represents that his requests were mail served on August 29, 2020. (*Id.*) Furthermore, Plaintiff believes Defendants' responses are insufficient because they "objected to every request[.]" (*Id.*)

**II.     LEGAL STANDARDS**

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)). The Court is explicitly authorized to establish schedules and deadlines to limit the time to complete discovery and file motions. Fed. R. Civ. P. 16(b)(3); *Wong v. Regents of the Univ. of California,* 410 F.3d 1052, 1060 (9th Cir. 2006). The deadlines set forth in the

---

[1] Certain portions of Defendants' opposition and the declaration of counsel submitted in support thereof state that Defendants calendared the applicable deadline as September 24, 2020 and served responses on September 23, 2020. (*See* ECF Nos. 61 at 2, 61-1 at 2.) Other portions of the opposition state that applicable deadline was calculated as October 24, 2020, and responses were served on October 23, 2020. (*See* ECF No. 61 at 4.) Based upon Defendants' contention that Plaintiff's requests were received on September 14, 2020, and presumed to have been served on September 9, 2020, it appears that the September 23 and 24, 2020 dates are typographical errors.

scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* G*reen Aire for Air Conditioning W.L.L. v. Salem,* 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020) ("Requests to modify a scheduling order are governed by Rule 16(b)(4), which provides that a court may modify a scheduling order 'only for good cause.'"). Good cause requires a showing of due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Sprague v. Fin. Credit Network, Inc*., 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25, 2018) ("[Good cause] requires the party to show that despite due diligence the scheduled deadline could not be met."). Absent a showing of good cause, motions filed after a deadline set forth in a scheduling order may be denied as untimely. *Britz Fertilizers v. Nationwide Agribusiness Ins. Co.*, 2013 WL 2100540, at *1 (E.D. Cal. May 14, 2013) (citing *Johnson*, 975 F.2d at 608-609).

Additionally, the party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the party believes the response is deficient; (4) why any objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution of this action. *Haraszewski v. Knipp*, 2020 WL 4676387, at *3 (E.D. Cal. Aug. 12, 2020); *McCoy v. Ramirez*, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

### III.     DISCUSSION

The Court will deny Plaintiff's motion to compel because it is untimely. The Court held an Initial Scheduling Conference with the parties on April 29, 2020, and discovery opened on that date. (ECF No. 41.) The Court then entered a Scheduling Order on April 30, 2020, which, in relevant part, set a deadline of September 11, 2020 for filing motions to compel. (ECF No. 43.) The Court orally explained the motion to compel deadline at the Initial Scheduling Conference. The Scheduling Order also advised the parties that "[m]otions to compel will not be permitted after the September 11, 2020 deadline absent good cause." (ECF No. 43 at 4.)

Plaintiff did not file his motion to compel until October 19, 2020, and he has not provided any explanation as to why his motion to compel was filed after the applicable

1  deadline. (*See* ECF No. 57.) Plaintiff further represents that he served his discovery requests on
2  August 29, 2020, approximately two weeks before the September 11, 2020 motion to compel
3  deadline. However, the Scheduling Order informed Plaintiff that Defendants had forty-five (45)
4  days after the requests were served to respond. (*See* ECF No. 43 at 2.) Furthermore, discovery
5  in this case opened on April 29, 2020, yet Plaintiff does not address why he delayed in serving
6  his requests. Plaintiff therefore has not shown diligence in pursuing the written discovery at
7  issue within the time provided by the Scheduling Order. As Plaintiff has not established good
8  cause for his failure to comply with the motion to compel deadline, the motion will be denied
9  as untimely.[2]

   Plaintiff's reply further indicates that Defendants' responses are insufficient because
10 they "objected to every request[.]" (ECF No. 63.) However, Plaintiff has not identified which
11 written discovery requests and responses are at issue, why Plaintiff believes the responses are
12 deficient and Defendants' objections are not justified, or why the information sought is
13 relevant. Plaintiff has therefore failed to adequately support his motion to compel.
14 ///

---

[2]  Because the motion is subject to denial as untimely, the Court need not reach the remainder of the parties' arguments. However, it does appear that Plaintiff has received responses to his written discovery requests. While Plaintiff objects to the responses as untimely, the discovery requests at issue were served without a proof of service. Plaintiff must include a proof of service when serving his requests to support any timeliness objection.

The Court also takes issue with Defendants' calculation of the applicable response deadline. Although the written discovery requests were dated August 28, 2020, Defendants received Plaintiff's discovery requests on September 14, 2020, and used California Code of Civil Procedure section 1013 "as a guide" to determine the date of service by subtracting five calendar days from the date of receipt. (ECF No. 61 at 2.) As an initial matter, it appears that Rule 6(d) of the Federal Rules of Civil Procedure, and not California Code of Civil Procedure 1013, governs the deadline for Defendants' discovery responses when service is made by mail. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845 (9th Cir. 2001) ("Procedural state laws are not used in federal court if to do so would result in a 'direct collision' with a Federal Rule of Civil Procedure.") (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749–50 (1980)). Moreover, California Code of Civil Procedure section 1013 extends the deadline for a response by five calendar days when service is made by mail; it does not instruct a party to count backwards from the date of receipt to determine the date of service.

Defendants' responses to Plaintiff's written discovery were not served until October 23, 2020. (ECF No. 63 at 2.) Had Plaintiff included a proof of service establishing that the requests were served by mail on August 29, 2020, Defendants' responses would have been due on October 16, 2020. (ECF No. 43 at 2 ("Responses to written discovery requests shall be due **forty-five (45) days** after the request is first served.") (emphasis in original.)); *see* Fed. R. Civ. P. 6(d) (extending a party's deadline to respond by three days when service is made by mail). Because the motion is denied as untimely under the Scheduling Order, the Court declines to resolve the parties' dispute regarding the timeliness of Defendants' responses.

### IV. CONCLUSION

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel (ECF No. 57) is DENIED.

IT IS SO ORDERED.

Dated: **November 30, 2020**      /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE