UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>                    Plaintiff,<br><br>   v.<br><br>BRANDON PRICE, et al.,<br><br>                    Defendants. | Case No. 1:18-cv-00554-DAD-EPG (PC)<br><br>**ORDER EXTENDING TIME FOR PLAINTIFF TO FILE AN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR THE COURT TO DENY SUMMARY JUDGMENT OR ALLOW TIME TO OBTAIN DECLARATIONS AND FURTHER DISCOVERY**<br><br>(ECF No. 67) |

Plaintiff Richard Scott Kindred ("Plaintiff"), a civil detainee at the Coalinga State Hospital, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion requesting that the Court deny the motion for summary judgment filed by Defendants B. Price, J. Corona, and Jose Lopez ("Defendants") or grant Plaintiff an extension of time to obtain declarations of material witnesses and to conduct discovery. (ECF No. 67.) As discussed further below, the Court will extend the time for Plaintiff to file an opposition to the motion for summary judgment and will grant the motion in part and deny it in part.

///

- 1 -

**I.      BACKGROUND**

This action arises out of Plaintiff's allegation that his Fourth and Fourteenth Amendment rights were violated when his personal items were taken during searches of his living area in January, February, and May of 2018 and then subsequently destroyed without providing Plaintiff with compensation. (ECF Nos. 16, 19, 23.)

The Court held an Initial Scheduling Conference with the parties on April 29, 2020, and discovery opened on that date. (ECF No. 41.) During the Initial Scheduling Conference, which Plaintiff attended telephonically, the Court discussed discovery as well as the schedule for this case.  Defendants' counsel explained that Plaintiff had already attached the applicable administrative directive, complaints pursuant to the patient complaint procedures, and findings of investigations to his amended complaint. Additionally, Defendants' counsel represented that he was reviewing certain police reports related to searches of Plaintiff's living area to determine whether they contained privileged or confidential information pertaining to third parties and those reports would be made available to Plaintiff. Defendants' counsel further represented that Defendants were not withholding any evidence or witness statements for any reason at that time.

As the Court set the deadlines for discovery, the Court explained that discovery was open, described the types of discovery available to the parties and the process for Plaintiff to obtain third party subpoenas, and discussed the deadlines to complete non-expert discovery and to file motions to compel.[1] The Court then entered a Scheduling Order on April 30, 2020 which addressed the matters that the Court discussed and set forth the deadlines of October 30, 2020 for completing non-expert discovery and September 11, 2020 for filing motions to compel. (ECF No. 43.)

On October 19, 2020, Plaintiff filed a motion to compel Defendants to respond to Plaintiff's first set of requests for production and second set of interrogatories. (ECF No. 57.) The Court entered an order on November 30, 2020, denying the motion to compel because it

---

[1] As there is not a transcript of the hearing, this transcription is unofficial and based on the audio file, which is available to the parties upon request.

1  was untimely under the Scheduling Order and Plaintiff had not identified which discovery
2  requests and responses were at issue, why Plaintiff believed the responses were deficient and
3  Defendants' objections were not justified, or why the information sought was relevant. (ECF
4  No. 64.)

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants filed a motion for summary judgment on December 4, 2020. (ECF No. 65.) Defendants also served Plaintiff with a copy of the motion for summary judgment by mail on December 4, 2020. (ECF No. 65-10.) Plaintiff's opposition to the motion for summary judgment was accordingly due by December 28, 2020. *See* Fed. R. Civ. P. 6(d), Local Rule 230(l).

On December 18, 2020, Plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 56(d) requesting that the Court deny Defendants' motion for summary judgment or grant Plaintiff an extension of time to obtain declarations of material witnesses and to conduct discovery. (ECF No. 67.) Plaintiff explains that his unit is currently quarantined, and he has no access to the law library. (*Id.*) Plaintiff additionally requests that he be permitted additional time to obtain evidence that Defendants failed to produce in response to Plaintiff's Requests for Production Nos. 4 and 12. (*Id.*) According to the motion, these requests sought "pictures of plaintiff's property" and the names of the staff members who were told what property of Plaintiffs was confiscated. (*Id.*) Plaintiff states that he "filed" a subpoena on December 11, 2020 seeking "the photos that are in the California [Department] of State Hospitals—[Coalinga's] Evidence Locker 002." (*Id.*) Plaintiff also states that he subpoenaed the residential address of Isaac Bonsu, who was the Unit Supervisor of Unit 18 where Plaintiff resided at the time of the search at issue in this case but has since ceased working for California Department of State Hospitals—Coalinga. (*Id.*)

Defendants filed an opposition to the motion on December 30, 2020. (ECF No. 68.) Defendants argue that Plaintiff's request to deny summary judgment should be denied because it lacks any legal or factual support. (*Id.* at 4.) Additionally, Plaintiff should not be granted an extension of time to file an opposition to the motion for summary judgment or to conduct

- 3 -

1  additional discovery because he has not identified which facts he hopes to elicit from further
2  discovery or how those facts are essential to opposing the motion. (*Id.* at 4-6.)
3    According to Defendants, Plaintiff's first subpoena requests hard copies of photographs
4  rather than photographs on a CD-R due to viewability. (*Id.* at 5.) With respect to the second
5  subpoena seeking the home address of Mr. Bonsu, Defendants contend that this request raises
6  privacy concerns. (*Id.*) Further, Mr. Bonsu was not present during the inspection at issue and
7  Defendants have already produced the inspection report from the June 29, 2018 inspection of
8  Plaintiff's living area which identifies the items confiscated, including the items located in
9  Evidence Locker 002, and the witnesses to the inspection. (*Id.* at 5-6.) Defendants further state
10 that Plaintiff "withdrew" both subpoenas during a meet and confer telephone call with
11 Defendants' counsel on December 23, 2020. (ECF No. 68-1.) Finally, Defendants argue that
12 Plaintiff has not shown reasonable diligence in complying with the deadlines outlined in the
13 Scheduling Order. (ECF No. 68 at 6.)

### III. LEGAL STANDARDS

15    The Court may, for good cause, extend a deadline with or without notice where the
16 request is made before the original deadline expires. Fed. R. Civ. P. 6(b)(1)(A). The Court has
17 wide discretion to grant extensions of time. *Jenkins v. Commonwealth Land Title Ins. Co.,* 95
18 F.3d 791, 795 (9th Cir. 1996).
19    Additionally, where the party opposing a motion for summary judgment demonstrates
20 in a declaration that he cannot present facts essential to his opposition of the motion, a court
21 may deny or defer consideration of the motion, allow time to obtain affidavits or declarations or
22 to take discovery, or issue any other appropriate order. Fed. R. Civ. P. 56(d). The declaration
23 must set forth "specific facts that further discovery would reveal, and explain why those facts
24 would preclude summary judgment." *Tatum v. County of San Francisco,* 441 F.3d 1090, 1100
25 (9th Cir. 2006). "The burden is on the nonmoving party . . . to show what material facts would
26 be discovered that would preclude summary judgment." *Klingele v. Eikenberry*, 849 F.2d 409,
27 412 (9th Cir. 1988); *see also Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995) ("The burden is
28 on the party seeking to conduct additional discovery to put forth sufficient facts to show that

the evidence sought exists."). Moreover, "'[t]he district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.'" *Conkle*, 73 F.3d at 914 (quoting *California Union Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990)).

### IV.     DISCUSSION

The Court first construes Plaintiff's motion as a request pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) for an extension of time to file an opposition to the motion for summary judgment in light of Plaintiff's inability to access the law library. While opposing the motion for extension of time, Defendants acknowledge that Plaintiff appears to lack law library access. Plaintiff's inability to access the law library due to his unit's quarantine constitutes good cause to extend the deadline to file an opposition to Defendants' motion for summary judgment. The Court will therefore exercise its discretion to grant an extension of time. As Plaintiff has not specified the length of the requested extension, the Court finds that sixty (60) days is reasonable.[2]

Plaintiff's motion also requests that the Court deny Defendants' motion for summary judgment or grant Plaintiff time to obtain declarations of material witnesses and extend the time to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d). (ECF No. 67 at 1.) Specifically, Plaintiff states that seeks to obtain: 1) photographs of his property in Evidence Locker 002; and 2) the residential address of Mr. Bonsu. (ECF No. 67.)[3]

Regarding the request for hard copy photographs, the Court agrees with Plaintiff that such documents could be relevant to opposing Defendants' motion for summary judgment and any subsequent trial in this case.  The photographs concern the items at issue in the complaint, which Plaintiff alleges were confiscated and then subsequently destroyed without providing

---

[2] If Plaintiff requests any further extensions of time to file his opposition due to inability to access the law library, he must include specific requests for law library access or paging to show that he is unable to respond by the new deadline.

[3] Plaintiff's motion states that he has issued subpoenas seeking this information. (*See* ECF No. 67.) Defendants' opposition represents that Plaintiff agreed to "withdraw" these subpoenas during a meet and confer telephone call on December 23, 2020. (ECF No. 68-1.) However, the Court notes that it has not received any requests from Plaintiff for permission to issue any third party subpoenas.

- 5 -

him with compensation. (ECF Nos. 16, 19, 23.) Defendants' opposition clarifies that they have produced these photographs in a CD-R electronic format and Plaintiff seeks hard copies of those photographs. (ECF No. 68 at 5.)

While the Court appreciates that Plaintiff has access to these photographs already in another format, Plaintiff's request for hard copies is reasonable given that Plaintiff does not have a computer. The Court also finds that Plaintiff has been diligent in his attempts to obtain those photographs in light of the fact that Plaintiff already requested them from Defendants, who chose to produce them in another format. Accordingly, the Court will require Defendants to produce the photographs in hard copy form, for use in opposing summary judgment as well as later in the case.

Regarding Mr. Bonsu's residential address, Defendants point out that this individual was not present during the inspection at issue and Plaintiff has been provided with the inspection report that identifies the witnesses to the inspection. (ECF No. 68 5-6.) Plaintiff only states that Mr. Bonsu was the Unit Supervisor of the unit where Plaintiff resided at the time of the search and has not explained what information he seeks from Mr. Bonsu. There is no indication at this time that Mr. Bonsu would be able to provide any material evidence that would be essential to Plaintiff's opposition to Defendants' motion for summary judgment.

Moreover, Plaintiff has not shown diligence in pursuing discovery within the time provided by the Scheduling Order. At the Initial Scheduling Conference, the Court orally explained that discovery was open, the types of discovery available to Plaintiff, and the applicable discovery and motion to compel deadlines. These matters were also addressed in the Scheduling Order and a copy was served on Plaintiff. (*See* ECF No. 43.) Plaintiff has not provided any explanation as to why non-expert discovery could not be completed by the applicable deadline. Additionally, the time for filing motions to compel has passed without a timely request to extend the deadline.

Thus, with the exception of production of the photographs discussed as above, Plaintiff has not demonstrated that further discovery is warranted.

\\\

## V. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for the Court to Deny Said Summary Judgment or Allow Time to Obtain Declarations and Further Discovery (ECF No. 67) is GRANTED IN PART AND DENIED IN PART;
2. The deadline for Plaintiff to file an opposition to Defendants' motion for summary judgment (ECF No. 65) is extended to **February 26, 2021**;
3. Within fourteen (14) days of entry of this order, Defendants shall provide Plaintiff with hard copies of the photographs of Plaintiff's property in Evidence Locker 002; and
4. The remainder of Plaintiff's request to deny Defendants' motion for summary judgment or grant an extension of time to obtain declarations of material witnesses and to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d) is DENIED.

IT IS SO ORDERED.

Dated: **January 8, 2021**            /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE