UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON PRICE, et al.,<br><br>Defendants. | Case No. 1:18-cv-00554-DAD-EPG (PC)<br><br>**ORDER REGARDING PLAINTIFF'S LAW LIBRARY ACCESS**<br><br>(ECF No. 70) |

Plaintiff Richard Scott Kindred ("Plaintiff"), a civil detainee at the California Department of State Hospitals—Coalinga ("DSH-Coalinga"), is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 18, 2020, Plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 56(d) requesting that the Court deny the pending motion for summary judgment filed by Defendants B. Price, J. Corona, and Jose Lopez ("Defendants") or grant Plaintiff an extension of time to obtain declarations of material witnesses and to conduct discovery. (ECF No. 67.) The Court entered an order on January 8, 2021, granting Plaintiff's motion in part and denying it in part. (ECF No. 69.) The Court ordered Defendants to produce certain hard copy photographs and extended the deadline for Plaintiff to file an opposition to Defendants' motion

for summary judgment to February 26, 2021, but denied the remainder of Plaintiff's motion. (*Id.*)

On January 13, 2021, Plaintiff filed a reply in support of the Rule 56(d) motion. (ECF. No. 70.) Plaintiff's reply was dated January 8, 2021 and appeared to have been mailed before Plaintiff received the Court's order entered on January 8, 2021. (*See id.*) In his reply, Plaintiff reiterated his request that the Court deny Defendant's motion for summary judgment or grant him an extension of time to file an opposition and order Defendants to produce certain discovery. (*Id.*) Plaintiff further explained that his unit is currently quarantined due to COVID-19 exposure and has been quarantined on numerous other occasions. (*Id.*) According to Plaintiff, DSH-Coalinga has diverted law library staff to work in quarantined areas and the law library is not able or is unwilling to help Plaintiff obtain copies of legal research and case law. (*Id.*) Plaintiff's reply stated that the law library staff told the staff in Plaintiff's unit that they are only able to print out ten pages of cases due to a contract with their service provider, but Plaintiff called the service provider and confirmed that the ten-page limit is for research material such as law books. (*Id.*)

Plaintiff additionally explained that it took three weeks for him to obtain six cases consisting of approximately three or four pages, and law library staff refused to copy the entire case. (ECF. No. 70.) Plaintiff does not know the specific pages he needs and still needs four additional cases and other research material. (*Id.*) Additionally, it has taken Plaintiff a week just to submit a Legal Request Form through the staff in his unit and there is no guarantee how long it will take to receive the requested material. (*Id.*) Plaintiff therefore requested that the Court issue an order directing DSH-Coalinga to provide Plaintiff with direct access to the law library or copies of his requested cases and legal research within five days of submitting a request. (*Id.*)

On January 20, 2021, the Court entered an order noting that Plaintiff's request for production of hard copy photographs and an extension of time to oppose Defendants' motion for summary judgment had been granted, and the reply did not change the Court's analysis regarding the remainder of the motion. (ECF No. 71.) The Court further directed Defendants to

1    file a response to Plaintiff's request for an order directing DSH-Coalinga to provide Plaintiff
2    with direct access to the law library or copies of legal research. (*Id.*.)
3        Defendants filed their response on January 29, 2021. (ECF No. 72.) Defendants'
4    response explains that DSH-Coalinga has modified their customary protocols in order to
5    prevent the spread of COVID-19. (*Id.* at 1-3.) Plaintiff's unit has been subject to quarantine
6    protocol approximately five times since mid-August of 2020, with each period of quarantine
7    lasting approximately two-to-three weeks. (*Id.* at 2.) While on quarantine, patient movement is
8    limited to prevent further spread of COVID-19 but Plaintiff remains able to use a Legal Kiosk.
9    (*Id.* at 2-3.) According to Defendants, Plaintiff can obtain copies from the portable Legal Kiosk
10   located in the Program Office which eliminates concerns and issues Plaintiff raised concerning
11   access to the law library. (*Id.* at 3.) Defendants response contends that Plaintiff has received
12   education on the availability and utilization of the Legal Kiosk process. (*Id.*)
13       Defendants explain that DSH-Coalinga staff have also assisted Plaintiff in obtaining
14   copies of requested documents. (ECF No. 72 at 3.) There have been times when Plaintiff was
15   only allowed to have ten pages printed per request due to DSH-Coalinga's contract with
16   LexisNexis. (*Id.*) Although patients cannot print the entire case, they can access the entire case
17   through LexisNexis and print excerpts needed. (*Id.*) Defendants represent that, if use of the
18   Legal Kiosk does not resolve Plaintiff's law library access issues, Defendants are willing to
19   look at reasonable alternatives for Plaintiff to obtain printed copies of items he believes are
20   necessary for his opposition, including waiving printing limit restrictions. (*Id.* at 3-4.)
21   However, the COVID-19 protocols are in place for the health and safety of patients and staff
22   and therefore Plaintiff should not be allowed to have direct access to the law library beyond
23   what is permitted by the protocols. (*Id.* at 4.) Defendants' response indicates that they do not
24   oppose a further extension of fifteen days for Plaintiff to file his opposition so that Plaintiff will
25   have additional time to obtain copies of printed materials and Defendants will be able to look at
26   alternatives if the Legal Kiosk is not sufficient. (*Id.* at 4-5.)
27       The Court has considered Plaintiff's arguments regarding law library access set forth in
28   his reply as well as Defendants' response. (*See* ECF Nos. 70, 72.) In light of the necessity of

restricted law library access due to the COVID-19 pandemic as well as the availability of the Legal Kiosk process to obtain copies, the Court declines to issue an order directing DSH-Coalinga to provide Plaintiff with direct access to the law library or copies of his requested cases and legal research within five days.

However, the Court will grant an additional extension of time for Plaintiff to file his opposition to Defendants' motion for summary judgment in order to allow Plaintiff additional time to obtain copies of printed materials through the Legal Kiosk and to permit Defendants to explore other alternatives if the Legal Kiosk is not sufficient. If Plaintiff determines that he cannot litigate his case due to the COVID-19 protocols at DSH-Coalinga, he may request a further extension of time or other appropriate relief. Any such request should also address whether Plaintiff has asked for an accommodation or alternatives from DSH-Coalinga and any response from the institution.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an order directing DSH-Coalinga to provide Plaintiff with direct access to the law library or copies of his requested cases and legal research within five days (ECF No. 70) is DENIED; and
2. The deadline for Plaintiff to file an opposition to Defendants' motion for summary judgment (ECF No. 65) is extended from February 26, 2021, to **March 15, 2021.**

IT IS SO ORDERED.

Dated:   **February 4, 2021**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE