UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON PRICE, et al.,<br><br>Defendants. | Case No. 1:18-cv-00554-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF No. 84)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

Plaintiff Richard Scott Kindred ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 19 U.S.C. § 1983. Before the Court is Plaintiff's Motion for an Order of Protection of Plaintiff's Religious Items During a Search of Plaintiff's Dorm Room for Contraband, which the Court construes as a motion for injunctive relief. (ECF No. 84.) For the reasons discussed below, the Court recommends that Plaintiff's motion be denied.

**I.     PLAINTIFF'S MOTION**

In the motion, Plaintiff states that, on June 15, 2021, Plaintiff's A.M. Shift Lead at the Department of State Hospitals—Coalinga ("DSH-Coalinga") warned an officer that Plaintiff was Native American and his religious items were not to be tampered with. (*Id.* at 1.) The officer went

1

in and disregarded the Shift Lead's order and Plaintiff was not allowed to be present. (*Id.*) When Plaintiff returned, he discovered that his altar had been searched and certain items in the alter were mishandled. (*Id.*) Plaintiff requests that the Court take "proper action[.]" (*Id.* at 2.)

## II. LEGAL STANDARDS FOR INJUNCTIVE RELIEF

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986); *accord S.E.C. v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007) ("[I]n order for the court to assert personal jurisdiction over a party-in-interest, the party must be properly served."). Relatedly, under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). An injunction must be "(1) directed to a party, (2) enforceable by contempt, and (3) designed to accord or protect some or all of the substantive relief sought by a complaint in more than preliminary fashion." *Orange Cnty. v. Hongkong & Shanghai Banking Corp.*, 52 F.3d 821, 825-26 (9th Cir. 1995) (internal quotation marks and citation omitted).

"To obtain a preliminary injunction, [a party] must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the party's] favor." *Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004)

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

### III. DISCUSSION

The Court recommends denying Plaintiff's motion.

First, Plaintiff's motion goes beyond the allegations of the complaint. This case is proceeding on Plaintiff's claims against Defendants Brandon Price, J. Corona, Jorge Lopez, and John/Jane Does 1-5 for violation of Plaintiff's Fourth Amendment right against unreasonable search and seizure, against Defendants J. Corona and Jorge Lopez for violation of Plaintiff's First Amendment right to freely exercise his religion, and against John/Jane Does 6-10 for violation of Plaintiff's First Amendment right to access the courts. (*See* ECF No. 23.) Plaintiff's claims generally relate to two searches of Plaintiff's dorm room that occurred in January and June of 2018. Here, Plaintiff's motion concerns a separate search of his dorm room on June 15, 2021, which occurred after this case was filed and appears to have no relationship to the searches at issue in this case. As Plaintiff is seeking injunctive relief based on claim(s) not pled in the complaint, the Court will recommend that Plaintiff's motion be denied. *Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Second, it is not clear who Plaintiff is seeking injunctive relief against. The unidentified Shift Lead and officer described in the motion do not appear to be defendants in this case. It is improper to direct an injunction to individuals who are not parties to this action. *See Orange Cnty.*, 52 F.3d at 825-26.

Third, it is not clear what relief Plaintiff is requesting. Plaintiff must show why the proposed injunction "is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right." *See* 18 U.S.C. § 3626(a)(1)(A). Here, Plaintiff only makes the blanket request that the Court take "proper action[.]" This is insufficient.

Accordingly, the Court will recommend that Plaintiff's motion for injunctive relief be denied.

///

///

### IV. FINDINGS AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for injunctive relief (ECF No. 84) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 9, 2021**

/s/ Erin P. Gro[signature]
UNITED STATES MAGISTRATE JUDGE