UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>           Plaintiff,<br><br>      v.<br><br>BRANDON PRICE, et al.<br><br>           Defendants. | Case No.  1:18-cv-00554-DAD-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR A TEN-DAY EXTENSION TO RESPOND TO DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 87)<br><br>ORDER DIRECTING THE CLERK OF COURT TO SERVE PLAINTIFF WITH A COPY OF THE COURT'S ORDER GRANTING *IN FORMA PAUPERIS* STATUS (ECF No. 4)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF No. 87)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

Plaintiff Richard Scott Kindred ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Before the Court is Plaintiff's motion for a ten-day extension of time to respond to Defendants Price, Corona, and Lopez's ("Defendants") objections to the Court's findings and

1

recommendations entered on June 15, 2021, recommending that Defendants' motion for summary judgment be granted in part and denied in part. (ECF No. 87.) In the motion, Plaintiff also requests that the Court direct the Litigation Coordinator and a Social Worker at the Department of State Hospitals—Coalinga ("DSH-Coalinga") to allow Plaintiff increased law library access. (*Id.*) The Court construes this portion of Plaintiff's request as a motion for injunctive relief.

For the following reasons, the Court will grant Plaintiff's request for an extension of time to respond to Defendants' objections and will recommend that his motion for injunctive relief be denied. The Court will also direct the Clerk of Court to serve Plaintiff with a copy of the Court's order granting *in forma pauperis* status.

### I.  REQUEST FOR AN EXTENSION

According to the motion, Plaintiff did not receive Defendants' objections until July 25, 2021 because DSH-Coalinga sends Plaintiff's mail from Defendants to the package room instead of directly to his unit. (ECF No. 84.) According to Plaintiff, Administrative Directive 608 requires DSH-Coalinga to send legal mail to Plaintiff's unit. (*Id.*) Plaintiff attaches a copy of Administrative 608 to his motion, but the legal mail portion does not appear to require delivery to Plaintiff's unit as he contends. Nonetheless, in light of the limited extension sought, the Court will grant Plaintiff's request.

### II.  MOTION FOR INJUNCTIVE RELIEF

#### A. Plaintiff's Motion

Plaintiff also requests that the Court direct the Litigation Coordinator at DSH-Coalinga to order Mr. Richard Madero, a Social Worker at DSH-Coalinga, "to stipulate on his WRPT Report that [Plaintiff] has pro per status and that they are to address the issue with the law library to [extend Plaintiff's] hours in the law library." (ECF No. 87.) According to Plaintiff, DSH-Coalinga "still refused to accept the [Court's] Order that plaintiff has been given Pro Per Status" and Plaintiff only gets three hours two times a week to access the law library, and then it takes between a week and ten days to get copies. (*Id.*) Plaintiff attaches a copy of Administrative Directive 608, which states:

///

2

a. A legal collection is located in the DSH-C Patient Library. Patients have a right to access the legal collection. The DSH-C Patient Library has a maximum capacity and there will be higher priority consideration given to Pro Per patients with upcoming legal deadlines. If a court has granted a patient In Pro Per status, a copy of the court order will be filed in the Legal Section of the patient's medical record. The request for enhanced library access shall be made to the patient's Treatment Plan Team (TxT). The Txt shall review the patient's request and, if appropriate, authorize the enhanced access. A notice should be forwarded to the Program Assistant supervising the library. The authorization should be time-limited to the scheduled court hearing date. Based on library space availability, other patients are admitted on a first-come, first-served basis, during regularly scheduled hours (staffing and hospital conditions permitting), and will be required to appropriately use the "Law Library Computer Sign in Sheet" to determine their turn in using the Law Computers. Time usage may be established by the library staff based on the numbers of patients signed up.

. . .

d. When a patient requires staff escort to use the legal collection, the following procedures shall be followed:

. . .

ii. The Unit Supervisor will assess the need and schedule staff to escort the patient to the area. A patient who has not been granted In Pro Per status by the court is entitled to an escorted visit to the legal collection a minimum of two (2) hours per week. Patients who are acting as their own attorney (In Pro Per) regarding charges adjudicated or pending, commitment proceedings, convictions, or conditions of confinement, may request temporary enhanced staff escorted access to the library. If a court has granted a patient In Pro Per status, a copy of the court order will be filed in the Legal Section of the patient's medical record. Staff may check with the HIMD Correctional Case Records Supervisor and the DSH-C Litigation Coordinator to confirm a patient's In Pro Per status.

(*Id.* at 6-7.)

### B. Legal Standards for Injunctive Relief

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986); *accord S.E.C. v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007) ("[I]n order for the court to assert personal jurisdiction over a party-in-interest, the party must be properly served."). Relatedly, under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or

participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). An injunction must be "(1) directed to a party, (2) enforceable by contempt, and (3) designed to accord or protect some or all of the substantive relief sought by a complaint in more than preliminary fashion." *Orange Cnty. v. Hongkong & Shanghai Banking Corp.*, 52 F.3d 821, 825-26 (9th Cir. 1995) (internal quotation marks and citation omitted).

"To obtain a preliminary injunction, [a party] must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the party's] favor." *Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004)

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." *Hammler v. Haas*, 2019 U.S. Dist. LEXIS 48377, *3-4 (E.D. Cal., Mar. 22, 2019); *see also Mitchell v. Haviland*, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); *Lopez v. Cook*,

2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (E.D. Cal., Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel).  However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." *Brown v. Gilmore*, 533 U.S. 1301, 1303 (2001) (citations and internal quotation marks omitted).

### C. Discussion

The Court recommends denying Plaintiff's motion.

Plaintiff's motion goes beyond the allegations of the complaint. This case is proceeding on Plaintiff's claims against Defendants Brandon Price, J. Corona, Jorge Lopez, and John/Jane Does 1-5 for violation of Plaintiff's Fourth Amendment right against unreasonable search and seizure, against Defendants J. Corona and Jorge Lopez for violation of Plaintiff's First Amendment right to freely exercise his religion, and against John/Jane Does 6-10 for violation of Plaintiff's First Amendment right to access the courts. (See ECF No. 23.) Plaintiff's claims generally relate to two searches of Plaintiff's dorm room that occurred in January and June of 2018. Here, Plaintiff's motion concerns the amount of time he is allowed to access the library. As Plaintiff is seeking injunctive relief based on claim(s) not pled in the complaint, the Court will recommend that Plaintiff's motion be denied. *Pac. Radiation Oncology, 810 F.3d at 633* ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

An injunction generally can only issue against the defendants in this case. *See Orange Cnty.*, 52 F.3d at 825-26. However, under the All Writs Act, this court can make appropriate orders where non-party officials are impeding the plaintiff's ability to litigate a pending civil rights action. As noted above, injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances. Plaintiff has failed to show that such circumstances exist here. Plaintiff's motion acknowledges that he is receiving access to the law library for three hours two times per week. Thus, Plaintiff is not being prevented from litigating this action and his motion for an order under the All Writs Act should be denied.

If Plaintiff is unable to comply with any court deadlines because he needs more time to access the law library or to obtain copies, Plaintiff may request an extension supported by good cause or other appropriate relief. Any such request should describe Plaintiff's requests for enhanced law library access and any response received from the institution.

The Court also notes that Plaintiff contends that DSH-Coalinga "refused to accept the [Court's] Order that plaintiff has been given Pro Per Status[.]" (ECF No. 87.) It is somewhat unclear which order Plaintiff is referring to, as the Court has not previously entered an order giving Plaintiff "Pro Per" status. However, by this order, the Court confirms that Plaintiff is acting *pro se*. Further, the Court will direct the Clerk of Court to send Plaintiff a copy of the order granting *in forma pauperis* status, which also acknowledges that Plaintiff is proceeding *pro se*, so that he may provide it to the appropriate individuals at DSH-Coalinga, if necessary.

## III.     ORDER AND RECOMMENDATION

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 87) for a ten-day extension of time to respond to Defendants' objections to the Court's findings and recommendations entered on June 15, 2021 is GRANTED;
2. Plaintiff shall file and serve his response to Defendants' objections within ten days of service of this order; and
3. The Clerk of Court is directed to serve Plaintiff with a copy of the Court's order granting *in forma pauperis* status entered on May 2, 2018 (ECF No. 4).

Further, IT IS HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief (ECF No. 87) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to

file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 9, 2021**           /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE