UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON PRICE, et al.,<br><br>Defendants. | Case No. 1:18-cv-00554-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT JOHN/JANE DOES 1-10 BE DISMISSED WITHOUT PREJUDICE<br><br>(ECF Nos. 23, 79)<br><br>TWENTY-ONE DAY DEADLINE |

Plaintiff Richard Scott Kindred ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. For the following reasons, the Court recommends that John/Jane Does 1-10 be dismissed without prejudice for failure to serve, failure to prosecute, and failure to obey a court order.

**I.    PROCEDURAL HISTORY**

On July 8, 2019, the Court entered findings and recommendations recommending that this action proceed on Plaintiff's: (1) Fourth Amendment search and seizure claims against Defendants Brandon Price, J. Corona, Jose Lopez (collectively "Defendants"), and John/Jane Does 1-5; (2) First Amendment free exercise claim against Defendants Corona and Lopez; and (3) First Amendment access to courts claim against John/Jane Does 6-10. (ECF No. 19.) The

1

Court recommended that all other claims and defendants be dismissed with prejudice. (*Id.*) District Judge Dale A. Drozd entered an order adopting the Court's findings and recommendations in full on October 18, 2019. (ECF No. 23.)

On October 24, 2019, the Court entered an order authorizing service of the summons and complaint on Defendants Price, Corona, and Lopez. (ECF No. 24.) This order advised Plaintiff that Doe defendants cannot be served until Plaintiff has identified them and amended his complaint to substitute named defendants in place of the Doe defendants. (*Id.* at 2.) Plaintiff was also advised that he would be required to identify Doe defendants as the litigation proceeds. (Id.) On April 30, 2020, the Court entered a Scheduling Order which, among other things, advised the parties that discovery was open. (ECF No. 43 at 1.)

On June 9, 2021, the Court entered an order requiring Plaintiff to show cause why John/Jane Does 1- 10 should not be dismissed from this action. (ECF No. 79.) Plaintiff was directed to respond in writing within forty-five days from service of the order. (*Id.*) Additionally, Plaintiff was warned that failure to respond to the order would result in a recommendation that John/Jane Does 1-10 be dismissed without prejudice. The Court's order to show cause was served on Plaintiff by mail on June 9, 2019. To date, Plaintiff has not responded to the order to show cause and the time to do so has expired.

## II. DISCUSSION

### A. Failure to Serve John/Jane Does 1-10

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the United States Marshal ("the Marshal"), upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "'[A] pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed

2

to perform his duties[.]" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). However, where a plaintiff proceeding *in forma pauperis* fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

This case has been pending since 2018 and, to date, Plaintiff has not filed a motion to amend his complaint or otherwise identified the Doe defendants. Discovery has concluded and Defendants Price, Corona, and Lopez have filed a motion for summary judgment. Thus, Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on John/Jane Does 1-10, and has failed to serve John/Jane Does 1-10 within the time period required by Federal Rule of Civil Procedure 4(m).

Accordingly, the Court will recommend that John/Jane Does 1-10 be dismissed from the action without prejudice.

**B. Failure to Prosecute and Comply with a Court Order**

Failure to prosecute and failure to comply with a court order may be grounds for dismissal. "In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal of John/Jane Does 1-10.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan*, 291 at 639. Plaintiff has failed to respond to

the Court's order to show cause. A failure to respond to the Court's orders delays he case and interferes with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish,* 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case as to John/Jane Does 1-10 that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, monetary sanctions are of little use. And, in light of the status of the case and Plaintiff's failure to identify John/Jane Does 1-10 for service, the preclusion of evidence or witnesses is not available.

The Court will recommend dismissal of John/Jane Does 1-10 without prejudice. Because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal of John/Jane Does 1-10. *Id.*

After weighing the factors, the Court finds that dismissal of John/Jane Does 1-10 without prejudice is appropriate.

**IV.    RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that John/Jane Does 1-10 be dismissed from this action without prejudice due to failure to prosecute, failure to comply with a court order, and failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on the Doe Defendants within the time period prescribed by Federal Rule of Civil Procedure 4(m).

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one

(21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 13, 2021**                  /s/ Erin P. Groj
                                            UNITED STATES MAGISTRATE JUDGE