UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON PRICE, et al.,<br><br>Defendants. | No. 1:18-cv-00554-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFEDANTS' MOTION FOR SUMMARY JUDGMENT IN PART<br><br>(Doc. Nos. 65, 80) |

Plaintiff Richard Scott Kindred is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This case proceeds

> against defendants Brandon Price, J. Corona, Jose Lopez, and John/Jane Does 1–5 for violation of plaintiff's Fourth Amendment right to be free from unreasonable search and seizure; against defendants J. Corona and Jose Lopez for violation of plaintiff's First Amendment right to freely exercise his religion; and against John/Jane Does 6–10 for violation of plaintiff's First Amendment right of access to the courts.

(Doc. No. 23 at 2.)

On June 15, 2021, the assigned magistrate judge issued findings and recommendations recommending that the motion for summary judgment filed on behalf of defendants Price, Corona, and Lopez (Doc. No. 65) be granted in part and denied in part. (Doc. No. 80.) In

1

particular, the magistrate judge recommended that summary judgment be granted in favor of defendants as to plaintiff's Fourth Amendment claims against defendant Price for the January 2018 search and in favor of defendants Corona and Lopez as to the June 2018 search and seizure of plaintiff's ribbon shirt and deer skin trousers.  (*Id.* at 34–35.)  The magistrate judge also recommended that summary judgment be granted in favor of defendants as to plaintiff's First Amendment free exercise claims brought against defendants Corona and Lopez for the alleged seizure of plaintiff's spiritual blanket and for damages arising from the seizure of the ribbon shirt and deer skin trousers.  (*Id.*)  In addition, the magistrate judge recommended that defendants' motion for summary judgment be denied as to:  (i) plaintiff's Fourth Amendment claims against defendants Corona and Lopez for the June 2018 search and seizure of plaintiff's black duffel bag, khaki duffel bag, spiritual blanket, television, and batteries; (ii) plaintiff's First Amendment free exercise claim against defendants Corona and Lopez for seizure of the black duffel bag; and (iii) plaintiff's First Amendment claim for injunctive relief arising out of the seizure of the ribbon shirt and deer skin trousers.  (*Id.* at 35.)  The findings and recommendations contained notice that any objections thereto were to be filed within twenty-one (21) days after service.  (*Id.* at 35.)  After receiving an extension of time in which to do so, on July 20, 2021, defendants Corona and Lopez (collectively, "defendants") filed objections to the pending findings and recommendations.  (Doc. No. 86.)  Defendant Price did not file any objections.  Plaintiff also did not file any objections.  On August 20, 2021, after receiving an extension of time in which to do so, plaintiff filed a reply to defendants' objections.  (Doc. No. 90.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including defendants' objections and plaintiff's response, the undersigned adopts the pending findings and recommendations, in part.  For the reasons discussed below, the undersigned declines to adopt the recommendation that defendants' summary judgment be denied as to plaintiff's Fourth Amendment claim brought against defendant Lopez and will instead grant summary judgment in favor of defendant Lopez as to that claim.  In addition, because the undersigned concludes that defendant Lopez cannot be held liable for failure to intercede to stop the search and seizure by

2

officers, defendant Lopez is also entitled to summary judgment in his favor as to plaintiff's First Amendment claim arising out of the June 2018 search and seizure.

As to plaintiff's other claims, the undersigned concludes that the pending findings and recommendations are supported by the record and by proper analysis.

**DISCUSSION**

Defendants object to the pending findings and recommendations recommending partial denial of their motion for summary judgment and maintain that summary judgment should be granted in their favor as to plaintiff's Fourth and First Amendment claims because the June 2018 search was proper and resulted in seizure of contraband items, including the black duffel bag which is not a religious item. (Doc. No. 86 at 2–9.) Plaintiff's reply to defendants' objections primarily restates the determinations made in the findings and recommendations and asserts that those determinations are correct. (Doc. No. 90.) For the most part, plaintiff does not directly address or respond to defendants' arguments as set forth in their objections. The undersigned will address each of defendants' objections in turn.

**A.     Fourth Amendment Claim Arising from the June 2018 Search and Seizure**

Plaintiff is a civil detainee at the Department of State Hospitals–Coalinga ("DSH-Coalinga"). (Doc. No. 80 at 2.) Plaintiff's Fourth Amendment claims against defendants Corona and Lopez arise from a search of his living area at DSH-Coalinga on June 29, 2018 and seizure of various items, including a Samsung television with a thumb drive attached, a khaki duffel bag containing a ribbon shirt and deer skin trousers, and a black duffel bag containing a spiritual blanket and batteries. (*Id.* at 11–12.)

First, as to the search itself, defendants do not object to the magistrate judge's determination that defendants failed to show as a matter of law that plaintiff did not have a reasonable expectation of privacy in his living area. (*Id.* at 20.) Rather, defendants object to what they perceive, mistakenly, to be the magistrate judge's conclusion that the search was, in fact, arbitrary. (Doc. No. 86 at 6–7.) This objection is not well-taken because the magistrate judge found only that "there is a *dispute of fact* as to whether the June 2018 search was arbitrary," and this disputed fact—as to whether the search was or was not arbitrary—precluded the granting of

1 summary judgment.  (Doc. No. 80 at 19, 20) (emphasis added).

2       Second, defendant Lopez objects to the magistrate judge's conclusion that because an *officer* has a duty to intercede when a fellow officer is violating plaintiff's constitutional rights, defendant Lopez could be held liable for watching defendant Corona conduct the search in question and not intervening to stop that search.  (Doc. No. 80 at 16–18) (emphasis added). According to defendants, the magistrate judge erred in holding defendant Lopez to the legal standard that applies to police officers in that "[defendant] Lopez was not a police officer," and "[a]t the time of the search, [he] was a psychiatric technician assistant."  (Doc. No. 86 at 7–8.) The undersigned notes first that the duty to intercede applies to correctional officers as well, not just "police officers."  *See Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) ("[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene."); *Est. of Silva v. City of San Diego*, No. 3:18-cv-2282-L-MSB, 2020 WL 6946011, at *11 (S.D. Cal. Nov. 25, 2020) (noting that the duty to intercede applies to correctional officers) (citing *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) ("[P]olice officers have a duty to intercede when their fellow officers violate the constitutional right of a suspect or other citizen.")); *Hardney v. Diaz*, No. 2:20-cv-01587-WBS-DMC, 2021 WL 876991, at *4 (E.D. Cal. Mar. 9, 2021), *report and recommendation adopted*, 2021 WL 2365061 (E.D. Cal. June 9, 2021) ("Although law enforcement officials, such as police officers and correctional officers, may be held liable for failure to intercede when fellow officers violate the constitutional rights of a citizen or prisoner, liability attaches only if the officer in question had the opportunity to intercede."). Nevertheless, defendant Lopez's objection in this regard is ultimately well taken in the undersigned's view because he is also not a correctional officer.  In their motion for summary judgment, defendants represent that defendant Lopez is a psychiatric technician, and in support of that motion, defendant Lopez himself submitted a declaration in which he declared that he is a psychiatric technician employed by Department of State Hospitals and that between March 2, 2015 and December 15, 2019, he was a psychiatric technician assistant working at the DSH-Coalinga facility.  (Doc. Nos. 65-2 at 9; 65-8 at ¶ 1.)

/////

1  Because the undisputed evidence on summary judgment establishes that defendant Lopez was a psychiatric technician and not a law enforcement officer of any kind at the time of the incident in question he, as a matter of law, cannot be held liable for failing to intercede to prevent a law enforcement officer from violating plaintiff's constitutional rights.  Accordingly, the court will decline to adopt the findings and recommendations as to plaintiff's Fourth Amendment claim against defendant Lopez and will instead grant summary judgment in favor of defendant Lopez as to that that claim.  In addition, because the undersigned concludes that defendant Lopez cannot be held liable for failure to intercede to stop the search and seizure by officers, defendant Lopez is also entitled to summary judgment in his favor as to plaintiff's First Amendment claim arising out of the June 2018 search and seizure.

Third, defendants object to the magistrate judge's recommendation that summary judgment be denied as to plaintiff's Fourth Amendment claim based on the seizure of plaintiff's black duffel bag, khaki duffel bag, spiritual blanket, television, and batteries. (Doc. No. 86 at 2–5.)  Defendants argue that plaintiff was not permitted to possess those items because they were contraband.  (*Id.*)  The court will address each item in term.

According to defendants, the magistrate judge's conclusion that there was a disputed fact as to whether the black duffel bag was contraband erroneously relied on the narrow definition of "luggage" as it appears in the 2014 clarification memorandum of the statewide contraband list because that memorandum was superseded by the DSH-Coalinga site-specific contraband list, which defines luggage more broadly as bags larger than 18"x14"x8," and the parties do not dispute that the black duffel bag exceeded those size dimensions. (*Id.* at 3.)  However, the findings and recommendations considered both the 2014 clarification memorandum and the DSH-Coalinga site-specific list and concluded that viewing the evidence on summary judgment in the light most favorable to plaintiff as it must, the evidence created a dispute of fact as to whether the black duffel bag was contraband. (Doc. No. 80 at 13–14.)  As the magistrate judge noted, plaintiff had argued in his opposition to defendant's motion for summary judgment that the 2014 clarification memorandum specifically excluded duffel bags from its definition of "luggage" contraband, and defendants did not respond to that argument in their reply brief. (*See id.*)

5

Moreover, in their objections to the pending findings and recommendations, defendants assert for the first time that the 2014 clarification memorandum was superseded by the DSH-Coalinga site-specific contraband list, but they provide no evidence to support that bare, belated assertion. (Doc. No. 86 at 3.)

As for the seizure of the khaki duffel bag of unspecified size, defendants argue that the magistrate judge failed to consider that because plaintiff had used the khaki duffel bag in an improper manner (to conceal a ribbon shirt and deer skin trousers—two items that the magistrate judge found defendant had properly confiscated as contraband), the khaki duffel bag was also properly confiscated as contraband regardless of its size. (*Id.*) But defendants had not raised this argument regarding plaintiff's use of the khaki duffel bag in an "improper manner" in their motion for summary judgment or in their reply brief in support of that motion, raising it for the first time in their objections to the pending findings and recommendations. Moreover, this objection by defendants ignores the fact that the magistrate judge had analyzed the parties' arguments regarding what it means to use an item in an "improper manner" with regard to plaintiff's television and concluded that "the parties have submitted conflicting evidence regarding the meaning of the term 'used in an improper manner' for purposes of the Statewide Contraband list." (Doc. No. 80 at 13.) It follows that a dispute of material fact also exists as to whether plaintiff had used the khaki duffel bag in an "improper manner" such that it constituted contraband that was subject to confiscation.

As for seizure of the spiritual blanket, defendants object to what they perceive as an inconsistency in the magistrate judge finding both that: (1) defendants failed to establish that the spiritual blanket was contraband (precluding summary judgment for defendants as to plaintiff's Fourth Amendment claim), and (2) defendants established "a rational nexus between prohibiting Plaintiff from possessing his spiritual blanket and DSH-Coalinga's legitimate health concerns" because the spiritual blanket—a 7'x7' comforter that plaintiff uses for dry sweat ceremonies—is too large to be laundered (supporting summary judgment in favor of defendants as to plaintiff's First Amendment claim). (Doc. Nos. 80 at 28, 31; 86 at 4.) Defendants argue that the "rational nexus" analysis should have been applied to plaintiff's Fourth Amendment claim as well,

6

1 resulting in a finding that the spiritual blanket was properly confiscated as contraband. (Doc. No.
2 86 at 4.) Defendants criticize the magistrate judge's Fourth Amendment analysis as only
3 "focus[ing] on whether the blanket is defined as contraband under Administrative Directive (AD)
4 843 or [is] categorically prohibited," and ignoring defendant Price's declaration that DSH-
5 Coalinga prohibits large quilts or comforters because they cannot be properly laundered. (*Id.*;
6 Doc. No. 65-2 at 29.) Defendants are simply incorrect. Far from ignoring defendant Price's
7 declaration, the pending findings and recommendations quote it as follows:

> Defendants also submit a declaration from Defendant Price stating that "[l]arge quilts or comforters are not permitted in the living space as DSH-Coalinga lacks the laundry facilities to clean them and therefore present a health concern." (Price Decl.; ECF No. 65-6 at 3.) Defendant Price refers to AD 843, which governs patient living areas, in support of his declaration. (Price Decl., Ex. 7; ECF No. 65-7 at 32-40.) AD 843 states that additional coverings, including blankets, shall not be attached to the privacy or window curtains, and further prohibits "[e]xcessive amounts of items/materials (sheets, blankets, clothing, food, equipment, etc.)" because they constitute a fire hazard. (ECF No. 65-7 at 37.) AD-843 further sets forth a procedure to be followed if a patient's property is deemed excessive and needs to be removed. (*Id.* at 37-38.) . . . Defendants have not submitted any evidence that Plaintiff's spiritual blanket was "excessive" within the meaning of AD 843.

(Doc. No. 80 at 14.) Defendants' objection, therefore, does not persuade the undersigned that the
magistrate judge erred in concluding that defendants failed to establish that plaintiff's spiritual
blanket was contraband. Moreover, contrary to defendants' view that this conclusion is
inconsistent with the findings and recommendations addressing plaintiff's First Amendment
claims, the magistrate judge did not conclude that the spiritual blanket was indeed contraband in
the First Amendment analysis. Rather, in that analysis the magistrate judge evaluated the validity
of the regulation articulated in AD 642, which sets forth DSH-Coalinga's policy for
"religious/spiritual items" and provides that "[b]ased on the safety, security needs of the hospital
*or potential* as contraband, the quantity and/or size of these items may be restricted." (Doc. No.
80 at 28) (emphasis added). In applying the relevant four-factor analysis to plaintiff's First
Amendment claims, the magistrate judge properly concluded that the first factor weighed in favor
of defendants because "[p]rohibiting Plaintiff from possessing a large blanket that cannot be

1 laundered has a logical connection to furthering institutional health concerns." (Doc. Nos. 65-7 at
2 14; 80 at 27–28.) But the spiritual blanket does not constitute contraband merely because AD 642
3 provides for size restrictions on religious items. Notably, defendants did not invoke AD 642 as
4 the basis for the seizure of plaintiff's spiritual blanket nor did they raise AD 642 in their argument
5 in support of summary judgment as to plaintiff's Fourth Amendment claims.

6 As for the seizure of the television, defendants argue that the magistrate judge considered
7 inadmissible evidence in finding that there is a dispute of material fact as to whether the
8 television was used "in an improper manner" such that it constituted contraband properly subject
9 to confiscation. (Doc. No. 86 at 4–5.) Defendants first vaguely object that the 2014 clarification
10 memorandum is not relevant evidence, without stating why or how so. (*Id.*) Second, defendants
11 merely assert boilerplate objections that plaintiff's declaration concerning the 2014 clarification
12 memorandum lacks foundation and is improper legal opinion, again without elaborating on the
13 basis for these objections. (*Id.*) Thus, defendants' objections with regard to the television are not
14 persuasive.

15 As for the alleged seizure of batteries, defendants object to the findings and
16 recommendations as applying an incorrect standard on summary judgment and improperly
17 placing the burden on defendants to prove that plaintiff's batteries were not confiscated, when the
18 burden they bear at summary judgment is merely to prove an absence of evidence to support
19 plaintiff's assertion that his batteries were confiscated. (*Id.* at 5.) Defendants contend that
20 because they submitted evidence showing that the batteries were not identified on the search
21 report or the confiscation receipts, the burden shifted to plaintiff to offer specific facts about the
22 alleged confiscation of batteries to support his claim, and he failed to do so. (*Id.*; Doc. No. 80 at
23 12, n. 10.) In particular, defendants argue that the findings and recommendations improperly
24 credited plaintiff's conclusory and self-serving assertion made in response to their statement of
25 undisputed facts, in which he "asserts that there was no mention of the batteries being confiscated
26 either on the search report or the confiscation receipts because staff failed to write them down."
27 (*Id.*; Doc. No. 80 at 12, n. 10.) Defendants argue that because plaintiff's statement in this regard
28 lacked detailed facts and supporting evidence, "simply stating that the batteries were confiscated

8

and were not written down is insufficient to create an issue of material fact." (Doc. No. 86 at 5.) However, plaintiff also submitted a letter from Disability Rights California dated January 11, 2019 responding to plaintiff's "appeal request dated 11/6/18 of SR# 1120835 regarding personal possessions," and summarizing the taken items that plaintiff had listed in his written complaint dated July 23, 2018, including "[t]wo 4-packs of AAA batteries and one 4 pack of AA batteries – all rechargeable." (Doc. No. 75 at 106–107.) This supporting evidence shows that for several years before plaintiff made the supposedly self-serving statement in March 2021, plaintiff has consistently maintained that his batteries were confiscated during the search. Though certainly not overwhelming evidence, at this summary judgment stage, the undersigned agrees with the findings and recommendations that there is conflicting evidence as to the alleged confiscation of plaintiff's batteries that precludes the granting of summary judgment as to this claim.

**B.      First Amendment Claim Arising from the June 2018 Search and Seizure**

Defendants next object that the pending findings and recommendations "make[] no reference to [plaintiff's] use of the black duffel bag in any religious activities," and that because plaintiff has not alleged that he requires the black duffel bag for the practice of his religion, defendants did not violate plaintiff's First Amendment rights by confiscating it. (Doc. No. 86 at 8–9.) Contrary to defendants' objection, the findings and recommendations do refer to plaintiff's asserted use of the black duffel bag "to transport the spiritual blanket." (Doc. No. 80 at 27.) Moreover, the findings and recommendations note that plaintiff's evidence submitted on summary judgment included a copy of "the notice posted on [plaintiff's] door at the time of the June 2018 search, signed by Plaintiff and the Unit Supervisor, listing the black duffel bag as a spiritual item." (Doc. No. 80 at 34) (citing Doc. No. 75 at 150–152.)

Defendants also object that the magistrate judge ignored the DSH-Coalinga site-specific contraband list, which includes a column detailing the justification for each prohibited item, in finding that defendants "failed to meet their burden of establishing that DSH-Coalinga had a legitimate interest in prohibiting Plaintiff from possessing the . . . black duffel bag." (Doc. No. 86 at 9.) Specifically, in their objections, defendants point to the "increased risk for concealing contraband" as their stated justification for prohibiting bags larger than 18"x14"x8" and contend

9

1   that this evidence shows that "[p]rohibiting a large bag that could conceal contraband including
2   weapons, drugs, or other items that can undermine security and safety is a legitimate interest of
3   DSH-Coalinga." (*Id.*)  But defendants again did not advance this contention in their motion for
4   summary judgment nor did they refer to this justification when arguing that their restriction on
5   large bags is reasonable because it furthers that "legitimate and neutral" objective.  Whether
6   defendants will ultimately prevail on this basis at trial notwithstanding, the magistrate judge was
7   not incorrect in concluding that defendants had failed to meet their burden on summary judgment;
8   it is insufficient for defendants to submit wholesale evidence and then expect the court to locate
9   evidentiary support for their specific arguments raised by them later.  "Judges are not like pigs,
10  hunting for truffles" buried in the record.  *Entm't Research Grp., Inc. v. Genesis Creative Grp.,*
11  *Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) (quoting *United States v. Dunkel*, 927 F.2d 955, 956
12  (7th Cir. 1991)); *see also Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (noting that "[i]t is
13  not our task, or that of the district court, to scour the record in search of a genuine issue of triable
14  fact") (citation omitted).

15  **C.    Injunctive Relief on First Amendment Claim Arising from the Seizure of the Ribbon**
16  **Shirt and Deer Skin Trousers**

17          Lastly, defendants object to the magistrate judge's finding that because plaintiff seeks
18  injunctive relief as to his First Amendment claim arising from the seizure of his ribbon shirt and
19  deer skin trousers, defendants are not entitled to summary judgment on that claim.  (Doc. No. 86
20  at 10.)  Defendants have misconstrued the findings and recommendations in this regard and omit
21  that the pending recommendation pertained to defendants' argument that they are entitled to
22  summary judgment on qualified immunity grounds.  (Doc. No. 80 at 33.)  That is, the magistrate
23  judge found that defendants were entitled to qualified immunity as to plaintiff's First Amendment
24  claim arising from the seizure of the ribbon shirt and deer skin trousers, but only as to damages.
25  (*Id.*)  To the extent plaintiff seeks injunctive relief as to that claim, the magistrate judge
26  concluded that defendants had not established they were entitled to qualified immunity on
27  summary judgment.  (*Id.* at 24, 33) (noting that "qualified immunity does not bar injunctive
28  relief") (citing cases).  Importantly, the magistrate judge found that defendants did not meet their

10

burden of showing that prohibiting non-state issued clothing served legitimate penological interests. (*Id.* at 28–29, 31.)[1] Accordingly, defendants miss the mark with their argument that because "the cause of action for violation of [plaintiff's] First Amendment [] rights fail as to the ribbon shirt and deer skin trousers, the prayer for injunctive relief must also fail." (Doc. No. 86 at 10.)

**CONCLUSION**

Accordingly,

1. The findings and recommendations issued on June 15, 2021 (Doc. No. 80) are adopted, in part;

2. Defendants' motion for summary judgment (Doc. No. 65) is granted in part and denied in part;

   a. Summary judgment is granted in favor of defendant Brandon Price as to plaintiff's Fourth Amendment unreasonable search claim arising from the January 2018 search;

   b. Summary judgment is granted in favor of defendant Jose Lopez as to plaintiff's Fourth Amendment unreasonable search and seizure claim and as to plaintiff's First Amendment free exercise claim;

   c. Summary judgment is granted in favor of defendants Jose Lopez and J. Corona as to plaintiff's Fourth Amendment claim arising from the June 2018 search and seizure of plaintiff's ribbon shirt and deer skin trousers;

---

[1] Defendants further object that the pending findings and recommendations "incorrectly conclude[] that Defendants failed to offer any reason why the ribbon shirt and deer skin trousers posed a risk to DSH-Coalinga," emphasizing that the findings and recommendations go "against its own statements" because it "acknowledges the risk of allowing non-state issued clothing at DSH-Coalinga and notes that non-state issued clothing poses a security risk, including escape." (Doc. No. 86 at 10–11.) However, defendants quote from the portion of the findings and recommendations that summarize defendants' *argument*, not their evidence submitted in support of their motion for summary judgment. (*See* Doc. No. 80 at 28) ("Defendants Corona and Lopez *argue* that non-state issued clothing such as the ribbon shirt and deer skin trousers poses a security risk, including escape.") (emphasis added). Defendants simply did not cite to evidence before the court in support of this argument in their briefs. Thus, the findings and recommendations were properly based on a lack of evidence submitted by defendants on summary judgment.

      d.    Summary judgment is granted in favor of defendants Jose Lopez and J. Corona as to plaintiff's First Amendment free exercise claim for damages arising from the June 2018 seizure of plaintiff's spiritual blanket ribbon shirt and deer skin trousers;

      e.    Summary judgment is granted in favor of defendants Jose Lopez and J. Corona as to plaintiff's First Amendment free exercise claim arising from the June 2018 seizure of plaintiff's spiritual blanket;

      f.    Summary judgment is denied as to plaintiff's Fourth Amendment claim brought against defendant J. Corona for the June 2018 search and seizure of plaintiff's black duffel bag, khaki duffel bag, spiritual blanket, television, and batteries;

      g.    Summary judgment is denied as to plaintiff's First Amendment free exercise claim brought against defendant J. Corona for the June 2018 seizure of plaintiff's black duffel bag; and

      h.    Summary judgment is denied as to plaintiff's First Amendment free exercise claim brought against defendant J. Corona for injunctive relief arising from the June 2018 seizure of plaintiff's ribbon shirt and deer skin trousers;

3. The Clerk of the Court is directed to update the docket to reflect that defendants Brandon Price and Jose Lopez have been terminated as defendants in this action; and

4. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **October 26, 2021**            /s/ Dale A. Drozd
                                           UNITED STATES DISTRICT JUDGE