UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON PRICE, et al.,<br><br>Defendants. | Case No. 1:18-cv-00554-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR AN ORDER OF PROTECTION BE DENIED<br><br>(ECF No. 100)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff Richard Scott Kindred ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 19 U.S.C. § 1983. Before the Court is Plaintiff's "Notice of Amendment Motion and Amended Motion for an Order of Protection," which the Court construes as a motion for injunctive relief. (ECF No. 84.) For the reasons discussed below, the Court recommends that Plaintiff's motion be denied.

I.   **PLAINTIFF'S MOTION**

Plaintiff's motion, which was filed on March 16, 2022, states:

Pursuant to the previous Writ of Mandate, which the Court construed as a request for preservation of evidence and for early discovery, which the Court denied. The Magistrate Judge, the Honorable Erica P. Grosjean stated that her reason for the denial was that there was a Federal Law, which imposes a duty to preserve evidence before litigation begins and even before a discovery request. This duty requires a litigant to preserve what it knows, or reasonably should know, will be

1

> relevant evidence in a pending action or one in and even before a discovery request. This duty requires a litigant to preserve what it knows, or reasonably should know, will be relevant evidence in a pending action or one in a pending action in the offering.
>
> A party's destruction of evidence qualifies as wilful spoliation if the party-has 'some notice that the documents were potentially relevent to the litigantion before they were destroyed.' "One duty to preserve attaches, a litigant or potential litigant "is required to suspend any existing policies related to deleting ordestroying [evidence] and preserve all relevant [evidence] related to the litigation" and courts may sanction parties responsible for spoliation of evidence. Plaintiff may trigger the duty to preserve evidence by providing a notice of litigation to the California Department of State Hospitals-Coalinga Hospital's Litigation Coordinator. The plaintiff requests that at a minimum that the C.D.S.H.-C Litigation Corrdinator be reissued a Order that any further tampering, destroying and/or illegal search of plaintiffs' Native American Property Shall Not Take Place. Furthermore, That The Defendants in this matter be sanctioned in the amount of $5,000.00 per occurange, which shall be paid to plaintiff. In Addition to the forementioned action that a copy of said order be served by the Marshalls on each and every employee of Unit 9 and that said order be given to the Program Director and Assistant Program Director of said program. Finally, that Joshua Boger be removed from Unit 9 permenantly and that he shall be re-trained in the proper searching in accordance with the Hospitals' Administrative Directive No. 820.

(ECF No. 100 at 1-3.) (Quotation marks, additions, and errors in original.)

Defendants did not file a response to the motion.

## II.     LEGAL STANDARDS FOR INJUNCTIVE RELIEF

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986); *accord S.E.C. v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007) ("[I]n order for the court to assert personal jurisdiction over a party-in-interest, the party must be properly served."). Relatedly, under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).  "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). An injunction must be "(1) directed to a party, (2) enforceable by contempt, and (3) designed to

accord or protect some or all of the substantive relief sought by a complaint in more than preliminary fashion." *Orange Cnty. v. Hongkong & Shanghai Banking Corp.*, 52 F.3d 821, 825-26 (9th Cir. 1995) (internal quotation marks and citation omitted).

"To obtain a preliminary injunction, [a party] must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the party's] favor." *Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004)

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

**III.    DISCUSSION**

The Court recommends denying Plaintiff's motion.

First, Plaintiff requests various relief that appear to relate to preservation of evidence and/or searches of Plaintiff's property. This case is proceeding only on the following narrow claims: 1) a Fourth Amendment claim against Defendant J. Corona for the June 2018 search and seizure of Plaintiff's black duffel bag, khaki duffel bag, spiritual blanket, television, and batteries; 2) a First Amendment free exercise claim against J. Corona for the June 2018 seizure of Plaintiff's black duffel bag; and 3) a First Amendment free exercise claim for injunctive relief arising from the June 2018 seizure of Plaintiff's ribbon shirt and deer skin trousers. (ECF Nos. 23, 95.)  Here, Plaintiff does not describe any events related to the claims and defendants in this case. Plaintiff's motion largely quotes language from one of the Court's prior orders concerning spoliation of evidence and appears to have no relationship to the searches at issue here. As Plaintiff is seeking injunctive relief based on claim(s) not pled in the complaint, the Court will recommend that Plaintiff's motion be denied. *Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Second, it is not clear whom Plaintiff is seeking injunctive relief against. Plaintiff requests

that the Court issue an order to the Litigation Coordinator, all employees of Unit 9, the Program Director, and the Assistant Program Director, and further requests that an individual named Joshua Boger be removed from Unit 9. None of these individuals are defendants in this case. It is improper to direct an injunction to individuals who are not parties to this action. *See Orange Cnty.*, 52 F.3d at 825-26.

Third, Plaintiff must show why the proposed injunction "is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right." *See* 18 U.S.C. § 3626(a)(1)(A). Here, Plaintiff quotes excerpts from one of the Court's prior orders and requests various actions related to spoliation of evidence and searches of his property without explaining the bases for these requests. This is insufficient.

Accordingly, the Court will recommend that Plaintiff's motion for injunctive relief be denied.

### IV.   FINDINGS AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief (ECF No. 100) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 4, 2022**            /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

4