UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALLENBY, *et al.*,<br><br>　　　　Defendants. | Case No. 1:18-cv-00554-ADA-EPG (PC)<br><br>ORDER DIRECTING DEFENSE COUNSEL TO PROPERLY SERVE NOTICE OF DEATH OR FILE BRIEF WITHIN TWENTY-ONE DAYS<br><br>(ECF No. 111)<br><br>ORDER VACATING SETTLEMENT CONFERENCE |

On October 31, 2022, defense counsel filed a "Notice of Death of Plaintiff Richard Scott Kindred," which states that Richard Scott Kindred ("Plaintiff") died on October 19, 2022. (ECF No. 111).

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).

The party filing the notice of death (or "suggestion of death") "must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Fed.R.Civ.P. 25(a)(1). Thus, a party may be served the suggestion of death by service on his or her attorney, Fed.R.Civ.P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons." Barlow v. Ground, 39

1  F.3d 231, 233 (9th Cir. 1994). "[T]he 90 day period provided by Rule 25(a)(1) will not be
2  triggered against [the decedent's] estate until the appropriate representative of the estate is served
3  a suggestion of death in the manner provided by Federal Rule of Civil Procedure 4." Id. at 233–
4  34. "The Ninth Circuit has found that the burden to identify the successor-in-interest or personal
5  representative of a deceased party lies with the party best suited to do so, which is typically the
6  party that filed the suggestion of death." Bailey v. MacFarland, 2020 WL 5763825, at *3 (E.D.
7  Cal. Sept. 28, 2020) (citing Gilmore v. Lockard, 936 F.3d 857, 866–67 (9th Cir. 2019)).

      Here, it appears that defense counsel did not serve the nonparty successor or representative of Plaintiff's estate. (ECF No. 111, p. 2).

      Accordingly, IT IS HEREBY ORDERED that defense counsel has twenty-one days from the date of service of this order to serve the notice of death as described above and to file a proof of service with the Court, or to file a brief explaining why defense counsel believes she is not required to do so.

      IT IS FURTHER ORDERED that the settlement conference set for January 12, 2023, is VACATED.

IT IS SO ORDERED.

Dated:  **November 1, 2022**         /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE